# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM WILLIAMS,  )  3:16-cv-00197-MMD-WGC
      Plaintiff,  )
      vs.  )  **ORDER**
CROWDER, *et al.*,  )  Re: ECF No. 27
      Defendants.  )

Before the court is Plaintiff's Motion for Default Judgment Against Defendant Crowder for Failing to Answer to Plaintiff's Complaint (ECF No. 27). Plaintiff requests that default judgment be entered against Defendant Crowder in the amount of $550 for failing to answer Plaintiff's complaint. No response to the request for entry of a default judgment as to Defendant Crowder has been filed by Defendant Schreckengost who has appeared in this matter.

On October 27, 2016, in accordance with the court's screening order (ECF No. 3), Plaintiff was allowed to proceed against Defendants Crowder and Schreckengost for due process violations. (ECF No. 3 at 6.)

Pursuant to the court's order of January 26, 2017 (ECF No. 10), the court instructed the Attorney General's Office to file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office could not accept service, the Office was instructed to file, *under seal*, the last known address(es) of those defendant(s) for whom it has such information. (ECF No. 10 at 2.)

On February 16, 2017, the Attorney General's Office filed its Acceptance of Service on behalf of Defendant Ron Schreckengost but did not accept service on behalf of Defendant Steven Crowder. (ECF No. 11.) On the same day, the Attorney General's Office filed Defendant Crowder's last known address under seal. (ECF No. 12.) Pursuant to that filing, the court directed the Clerk to issue a summons for Defendant Crowder and provided Plaintiff with instructions as to effecting service on the Defendant. (ECF No. 14.)

On March 13, 2017, the U.S. Marshal filed the return of the summons indicating that service of process was completed as to Defendant Crowder on March 9, 2017. (ECF No. 18.) According to the court's docket, Defendant Crowder has failed to answer Plaintiff's complaint. Plaintiff now seeks a default judgment against Defendant Crowder. However, there are two stages in a default proceeding: the entry of a default followed thereafter, if at all, by a default judgment. *See, e.g., VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). Because a default has not yet been entered as to Defendant Crowder, Plaintiff's motion for a default judgment is premature. Pursuant to Fed. R. Civ. P. 55(a), a default must first be entered by the clerk.

In accordance with Fed. R. Civ. P. 55, Plaintiff must first make a separate application for entry of a default against Defendant Crowder.

To the extent Plaintiff's motion seeks to have a default *judgment* entered as to Defendant Crowder, Plaintiff's motion (ECF No. 27) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: May 24, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE