UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM JOHN WILLIAMS, | Case No. 3:16-cv-00197-MMD-WGC |
| Plaintiff, | **MINUTES OF PROCEEDINGS** |
| vs. | |
| CROWDER, *et al.*, | June 23, 2017 |
| Defendants. | |

PRESENT: <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK: <u>Katie Lynn Ogden</u>   REPORTER: <u>FTR</u>

COUNSEL FOR PLAINTIFF: <u>William John Williams, Pro Se (Telephonically)</u>

COUNSEL FOR DEFENDANTS: <u>Wade Beavers (Present)</u>

**MINUTES OF PROCEEDINGS: Motion Hearing**

8:59 a.m.  Court convenes.

Defendant Steven Crowder is present in court for today's hearing.

The court holds today's conference to address defendant Crowder's motion to set aside Default (ECF No. 37). The clerk's entry of default as to defendant Crowder was entered on 6/2/2017 (ECF No. 34).

The court has not received a response from Plaintiff as to defendant Crowder's motion to set aside default; however, the court allows Mr. Williams the opportunity to state his arguments for the record.

The court hears argument from Mr. Williams.

After hearing from Mr. Williams, the court is not convinced defendant Crowder intentionally ignored the summons and complaint, but rather was operating under the assumption that the Attorney General's Office ("AG Office") would automatically represent him without having to reach out to the AG's Office himself.

IT IS THEREFORE ORDERED that defendant Crowder's motion to set aside default

(ECF No. 37) is **GRANTED**. The court explains defaults and default judgments are disfavored by the court since they are generally inconsistent with the federal courts' preference for resolving disputes on their merits. Furthermore, it is the court's observation that defendant Crowder is asserting a meritorious defense set forth in the motion for summary judgment (ECF No. 20). Finally, the court does not find the Plaintiff will suffer any prejudice once the default is set aside.

IT IS FURTHER ORDERED that defendant Crowder's joinder to defendant Schreckengost's motion to dismiss (ECF No. 39) is **GRANTED** *nunc pro tunc*. The court notes that defendant Crowder is not making any new arguments but is merely joining in the arguments asserted by defendant Schreckengost.

The court next addresses defendant Crowder's motion for enlargement of time to file a responsive pleading (ECF No. 38). In light of the court granting defendant Crowder's joinder to the motion for summary judgment, the court will allow additional time for the parties to file any supplemental arguments regarding the motion for summary judgment as it pertains to defendant Crowder.

IT IS THEREFORE ORDERED that defendant Crowder's motion for enlargement of time to file a responsive pleading (ECF No. 38) is **GRANTED**. The Plaintiff shall up to and including **Friday, 7/7/2017**, to file a supplemental response to defendant Crowder's joinder relative to the motion for summary judgment (ECF No. 39). Defendant Crowder shall have up to and including **Friday, 7/21/2017**, to file any supplemental reply to Plaintiff's supplemental response. If Plaintiff chooses not to submit any additional argument(s) as to defendant Crowder, than a supplemental reply will not be necessary.

The court and parties next discuss the possibility of scheduling a settlement conference. Both Mr. Williams and DAG Beavers agree scheduling a settlement conference is appropriate. However, DAG Beavers suggests he and Mr. Williams re-engage in informal settlement discussions first before scheduling a date certain for a settlement conference before the court. In light of DAG Beavers suggestion, the court will allow time for the parties to informally discuss settlement. However, DAG Beavers is instructed to reach out to Ms. Ogden by **Friday, 7/7/2017**, to advise her whether or not a court assisted settlement conference should be scheduled.

There being no additional matters to address at this time, court adjourns at 9:18 a.m.

DEBRA K. KEMPI, CLERK OF COURT

By: _____/s/_____
Katie Lynn Ogden, Deputy Clerk